**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-1658

ELINOR PAULINO MANALANG,

Petitioner,

versus

MICHAEL B. MUKASEY, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A44-714-822)

Submitted: January 9, 2008          Decided: January 23, 2008

Before MICHAEL and MOTZ, Circuit Judges, and WILKINS, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

Kim-Bun Thomas Li, LI, LATSEY & GUITERMAN, PLLC, Washington, D.C., for Petitioner. Jeffrey S. Bucholtz, Acting Assistant Attorney General, Linda S. Wendtland, Assistant Director, John C. Cunningham, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Elinor Paulino Manalang, a native and citizen of the Philippines, petitions for review orders of the Board of Immigration Appeals ("Board") dismissing her appeal from the immigration judge's order finding her removable pursuant to INA § 237(a)(1)(G)(ii), 8 U.S.C.A. § 1227(a)(1)(G)(ii) (West 2005 & Supp. 2007) and INA § 237(a)(1)(A), 8 U.S.C.A. § 1227(a)(1)(A), and denying her several requests for relief. The record reveals Manalang married a United States citizen in the Philippines while she was still married to a Filipino citizen. She arrived in the United States on a visa procured as a result of the marriage to the United States citizen, despite the fact that her United States citizen husband had asked for a divorce. Upon her arrival in the United States, Manalang waited four months until she made contact with him and then only by a telephone call. She made no attempt during this period to fulfill the marriage agreement, cohabit, share affection, or share resources. Manalang makes several arguments challenging the Board's findings, which we reject. Accordingly, we deny the petition for review.

We note Manalang did not contest removability for having committed fraud or willful, material misrepresentation in receiving her visa. See INA § 237(a)(1)(A), 8 U.S.C.A. § 1227(a)(1)(A); INA § 212(a)(6)(C), 8 U.S.C.A. § 1182(a)(6)(C). The failure to exhaust a claim before the Board deprives this court of jurisdiction to

- 2 -

review the claim.  See 8 U.S.C.A. § 1252(d)(1) (West 2005); Asika v. Ashcroft, 362 F.3d 264, 267 n.3 (4th Cir. 2004).

We further find the evidence did not compel a different result.  Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary.  8 U.S.C.A. § 1252(b)(4)(B) (West 2005).  This court will reverse the Board "only if the evidence presented . . . was so compelling that no reasonable fact finder could" fail to find that the petitioner intended to fulfill her marriage contract.  See Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (internal quotation marks omitted).  Substantial evidence supports the Board's finding that Manalang did not intend to fulfill her marriage contract with her United States citizen husband.  Furthermore, the factual findings made by the immigration judge and the Board as it denied Manalang's requests for discretionary relief will not be disturbed.

We find Manalang fails to establish that the immigration judge had a personal bias against her or that she was unfairly prejudiced by the immigration judge's conduct.  Rusu, 296 F.3d at 320.

We further find neither the immigration judge nor the Board erred by not applying United States domestic law to the question of the validity of Manalang's second marriage in light of the fact that Manalang, without citation or support, claimed the marriage was valid under Filipino law.  Furthermore, the issue at

the center of Manalang's case is her deceptiveness and material misrepresentation to government authorities regarding her first marriage. The question of the legality of her second marriage is secondary.

Finally, we find no merit to Manalang's equal protection argument or procedural due process claim.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED